# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HILDA MARTIN, | § | |
| *Plaintiff* | § | |
| v. | § | CIVIL NO. A-19-CV-00470-LY |
| CRESTLINE HOTELS & RESORTS, LLC D/B/A SPRINGHILL SUITES AUSTIN ROUND ROCK, | § | |
| *Defendant* | § | |

## **O R D E R**

Before the Court is Non-Party Williamson County and Cities Health District's Objection to Production, Deposition by Written Questions, and Motion for Protection, filed January 28, 2020 (Dkt. No. 21). Defendant has not filed a response to the motion. On February 12, 2020, the District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

On March 11, 2019, Hilda Martin ("Plaintiff"), a resident of Aransas Pass, Texas, filed this negligence lawsuit in the United States District Court for the Southern District of Texas[1] against Crestline Hotels & Resort, LLC, d/b/a Springhill Suites Austin-Round Rock ("Defendant"). Plaintiff alleges that she contracted Legionnaire's Disease while she was a guest at the Springhill Suites located at 2960 Hoppe Trail, Round Rock, Texas 78681 ("Hotel"). Plaintiff alleges that she contracted the disease after she used the Hotel's indoor pool on September 9, 2017.

---

[1] On May 1, 2019, the Southern District of Texas transferred the case to the Austin Division of the Western District of Texas.

Shortly thereafter, Williamson County and Cities Health District ("WCCHD"), a public health district created pursuant to Chapter 121 of the Texas Health and Safety Code, investigated the incident. On February 19, 2018, the Plaintiff, pursuant to the Texas Freedom of Information Act ("Act"), requested WCCHD to produce:

> a complete copy of your file in connection with your investigation, and kindly include copies of all reports, findings statements, photographs, and any other documents, including records and/or results of any proceedings concerning your investigation of the Legionnaires outbreak at the Springhill Suites Marriot in Round, Rock Texas . . .

Dkt. No. 21-2 at p. 2.

While WCCHD produced some of the requested documents to Plaintiff, it withheld numerous other documents from disclosure on the basis that it was prohibited under Texas law from disclosing confidential public health documents and documents protected by the attorney-client privilege. The WCCHD submitted a request for an open records decision from the Attorney General of Texas, and on May 9, 2018, the Attorney General issued its decision, finding that the requested information "is confidential under section 81.046 [of the Texas Health and Safety Code], and the district must withhold it under section 552.101 of the Government Code." Dkt. No. 16-4 at p. 4.

Regardless, on November 1, 2019, Plaintiff issued a subpoena requesting WCCHD to produce "[a]ny and all records pertaining to [the Hotel] from January 1, 2017, through December 31, 2017." Dkt. No. 16-1 at p. 3. On November 13, 2019, WCCHD filed a Motion to Quash the subpoena, arguing that the requested documents are confidential public health records under Texas Health and Safety Code § 81.046 and protected by the attorney-client privilege. On November 22, 2019, this Court granted WCCHD's Motion to Quash as unopposed pursuant to Local Rule CV-7(e)(2). *See* Dkt. No. 20.

Despite the Attorney General's decision and this Court's previous ruling, on January 21, 2020, Defendant issued a subpoena to WCCHD requesting "any and all records, documents, photographs, test results, or any tangible things in your possession which state the strain of legionella bacteria . . . discovered at the Springhill Suites Austin-Round Rock . . . in calendar year 2017." Dkt. No. 21-1 at p. 4. WCCHD promptly filed the instant Objection to Production and Motion for Protection pursuant to Federal Rule of Civil Procedure 45, arguing again that the requested documents are confidential public health records under § 81.046. WCCHD also argues that:

> Despite understanding that the District is statutorily prohibited from providing the requested documents, Defendant Crestline sought the document anyway. Therefore, Defendant Crestline and its counsel are in violation FED. R. CIV. P. 45(d)(1) by failing to avoid imposing undue burden and expense on the District and forcing it to respond when the legal grounds of the District's inability to turn over the requested documents has already been established.

Dkt. No. 21 at p. 3. Accordingly, WCCHD also seeks sanctions against Defendant for reasonable expenses incurred in making this motion.

As noted above, Defendant failed to timely respond to WCCHD's Motion. Pursuant to Local Rule CV-7(e)(2), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. *See* Local Rule CV-7(e)(2) (stating that responses to non-dispositive motions are due within 7 days after the filing of the motion).

Accordingly, the Court **GRANTS** WCCHD's Motion for Protection and Request for Sanctions (Dkt. No. 21) as unopposed pursuant to Local Rule CV-7(e)(2).

The Court has reviewed the Affidavit of Arturo D. Rodriguez, submitted in support of WCCHD's Motion, and finds the fees requested to be necessary and reasonable for this community. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co*., 685 F.3d 486, 491 (5th Cir.

2012) ("The affidavits of counsel may alone be sufficient proof for purposes of Rule 37 to establish the amount of fees to be awarded."); *see also Shumpert v. City of Tupelo*, 905 F.3d 310, 325-27 (5th Cir. 2018) (affirming award of fees under Federal Rule of Civil Procedure 37(a)(5)(A)), *cert. denied*, 139 S. Ct. 1211 (2019); *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008) (same). Therefore, the Court **FURTHER ORDERS** Defendant Crestline Hotels & Resort, LLC, d/b/a Springhill Suites Austin-Round Rock to pay Williamson County and Cities Health District reasonable and necessary attorney's fees in the amount of $1,298.00 within 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on February 14, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE